IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cr-30122-SMY |
| ) | |
| MICHELLE N. MILLER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**YANDLE, District Judge:**

Defendant Michelle N. Miller was sentenced on February 16, 2023 to 15 months' imprisonment for bank fraud (Docs. 18, 20). Pursuant to SDIL Administrative Order 362, Assistant Federal Public Defender Daniel G. Cronin entered his appearance on Miller's behalf in order to determine her eligibility for a sentence reduction (Doc. 27). AFPD Cronin has now moved to withdraw, asserting that Miller is eligible for a sentence reduction under Amendment 821, but that it would not take effect before her release from prison (Doc. 31).[1]

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

---

[1] According to the Bureau of Prisons' Inmate Locator, Miller was released from custody on January 2, 2024.

defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Although Miller may have qualified for a reduction, she has already been released from prison, rendering a reduction moot. Accordingly, the motion to withdraw (Doc. 31) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: January 24, 2024**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**